

**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM HENRY COLEMAN, | : | Civil Action No. 06-2913 (NLH) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| CHARLES E. SAMUELS, Warden, | : | |
| Respondent. | : | |

**APPEARANCES:**

William Henry Coleman, Pro Se
#12348-058
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

   Petitioner William Henry Coleman, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On July 20, 2006, Petitioner filed a supplemental petition with the Court.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that this Court lacks jurisdiction to consider this Petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition without prejudice. See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

The following background statement is taken from the allegations of the Petition, the truth of which is assumed for purposes of this Opinion and the accompanying Order.

On January 23, 1997, Petitioner was sentenced by the United States District Court, Western District of North Carolina, to 210 months imprisonment for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and for being an armed career criminal, in violation of 18 U.S.C. § 924(e). He appealed the conviction, and the United States Court of Appeals for the Fourth Circuit affirmed in March of 1999. One of the claims raised on direct appeal was that the District Court and government improperly amended the indictment.

On January 31, 2000, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. The motion was denied on July 9, 2001. Petitioner states that he filed two previous petitions for habeas relief pursuant to 28 U.S.C. § 2241; each was dismissed without prejudice.

Petitioner has also filed a petition for permission to file a second or successive § 2255 motion, which was denied on March 15, 2005, and a Rule 60(b) motion, which was denied on January 26, 2006.

Here, Petitioner asserts that he is entitled to seek relief pursuant to 28 U.S.C. § 2241, despite the fact that he has filed a previous § 2255 motion, because he is asserting "actual innocence." Specifically, Petitioner argues, as he has in the past, that the Government never obtained jurisdiction over him because the indictment was insufficient in stating a predicate offense, pursuant to 18 U.S.C. § 922(g)(1). Petitioner states that the Government never proved beyond a reasonable doubt that he was a convicted felon. In his supplemental petition, Petitioner asserts that the three prior predicate convictions used to enhance his sentence "did not apply to him."

## DISCUSSION

### A.   Jurisdiction

Petitioner contends that he is entitled to habeas relief pursuant to 28 U.S.C. § 2241. However, as noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States

3

Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

In this case, the sentencing court was the United States District Court for the Western District of North Carolina. Thus, a § 2255 motion must be brought before that Court.

As of AEDPA's effective date of April 24, 1996, a motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing Court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases

pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255. Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. See id.

However, Petitioner argues that despite the fact that he has filed a previous § 2255 motion, he is "actually innocent" and relief under § 2255 now is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255, ¶ 5. In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge

his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. See id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. See id. at 251-52; see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(resort to § 2241 proper "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim").

Thus:

> Section 2255 is not "inadequate or ineffective" merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle, 290 F.3d at 539.

6

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its <u>Dorsainvil</u> holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>See</u> <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  The Court distinguished the intervening change in the law in <u>Dorsainvil</u>, which was one "that potentially made the crime for which that petitioner was convicted non-criminal."  <u>Id.</u> at 120-21.

Here, Petitioner does not allege that his claim of "actual innocence" derives from either a new and retroactive rule of constitutional law or newly-discovered facts.  To the contrary, Petitioner's claims were raised in his direct appeal and his previous § 2255 motion.  Thus, § 2255 is not inadequate or ineffective to test the legality of his detention.  Petitioner cannot avail himself of a § 2241 motion under these circumstances.  Instead, this Petition must be construed as a second or successive § 2255 motion, which the Court of Appeals

for the Fourth Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction.[2]  See 28 U.S.C. § 2255.

B. **Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Several Circuit Courts of Appeals have addressed the issue whether district courts faced with "second or successive" habeas petitions filed without authorization from the Court of Appeals should dismiss, for want of jurisdiction, or transfer to the appropriate Court of Appeals under 28 U.S.C. § 1631, "in the interest of justice."  Neither the Court of Appeals for the Third Circuit nor for the Fourth Circuit mandates transfer.  Cf., e.g., 3d Cir. L.A.R. 22.5(h) (contemplating transfer by district court)

---

[2] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

8

and 22.5(j) (contemplating district court denial of second or successive petition for failure to obtain authorization); Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (declining to adopt a blanket policy of mandatory transfer of unauthorized second or successive § 2254 habeas petitions); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) (noting that a district court confronted with a second or successive habeas petition has the option to dismiss for lack of jurisdiction or to transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631).

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because he has previously attempted to maintain certification to file a second or successive § 2255 motion and was denied, it does not appear that transfer would be in the interest of justice. Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction. Petitioner may file for certification in the Fourth Circuit to file another § 2255 motion, if he so chooses.

## CONCLUSION

For the reasons set forth above, this action will be dismissed without prejudice. An appropriate order follows.

*/s/ Noel L. Hillman*
Noel L. Hillman
United States District Judge

Dated: